to vacate was continued for hearing at various times and when the case was last called for hearing the defendant failed to appear and the court overruled the motion and ordered that the judgment stand. To reverse the judgment, defendant prosecutes a writ of error.

CASWELL & HEALY, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. GARNISHMENT, § 116a*—*vacation of default judgment.* Overruling of motion to vacate a default judgment against a garnishee, *held* not error where the excuses alleged for allowing both the conditional and the final judgment to go against him were not sufficient in themselves and there was no proof of the allegations except the affidavit attached to the petition.

2. GARNISHMENT, § 110*—*when proof of judgment against original debtor not essential.* A default judgment may be taken against a garnishee without proof of the judgment upon which the garnishment proceeding was based, where it was set upon in the affidavit for the garnishee summons so that the default of the garnishee admitted it.

---

## Thomas J. Healey, Defendant in Error, v. H. Stern, Plaintiff in Error.

### Gen. No. 20,172.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Thomas J. Healey against H. Stern in the Municipal Court of Chicago to recover a sum claimed to be due for scrap iron sold to defendant. To reverse a judgment in favor of plaintiff for $249.56, defendant prosecutes a writ of error.

JOSEPH W. SCHULMAN, for plaintiff in error.

BENJAMIN B. MORRIS, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 578*—*necessity of exception to entry of judgment.* Decisions of the Supreme Court that the question of the weight of the evidence cannot be considered in the Appellate Court where the case was tried without a jury and no exception was taken to the entry of the judgment, although the entry of such judgment was resisted and a motion to vacate it made immediately thereafter, referred to as hardly applicable to cases brought after the amendment of May 31, 1911, to section 81 of the Practice Act (J. & A. ¶ 8618,) but the question not decided.

2. SALES, § 329*—*sufficiency of evidence.* In an action to recover for goods sold, where practically the only issue was whether the sale was made according to the weights at the place from where they were shipped or according to the weights at the place to which they were shipped, a finding in favor of plaintiff *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.